IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHELLE JAMES | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO.: |
| | § | _____ |
| | § | |
| PARAMOUNT NISSAN OF TEXAS, | § | |
| LLC D/B/A NISSAN OF SILSBEE | § | |
| Defendant | § | |

## Notice of Removal

To the Honorable United States District Court:

Comes now, Defendant Paramount Nissan of Texas, LLC d/b/a Nissan of Silsbee ("Nissan"), and files this, its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, alleging that diversity jurisdiction exists under 28 U.S.C. § 1332, and removing the above-captioned case from the 356th Judicial District Court of Hardin County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division.  In support, Nissan respectfully shows the Court the following:

## I.    Introduction

1.    On March 6, 2019, Plaintiff Michelle James ("Plaintiff" or "James") filed suit in the 356th Judicial District Court of Hardin County, Texas against Nissan for damages allegedly suffered as the result of an incident that occurred on August 14, 2017.[1] On that date, Plaintiff claims that she was injured when she

---

[1] *See* **Ex. "A"**, Pl.'s Original Pet., at V, attached hereto and referred to herein, but not incorporated.

slipped and fell in the service area of a Nissan Dealership allegedly owned, operated, and/or managed by Defendant.[2]  Nissan was served with process on March 11, 2019.[3]

2.    Removal is proper because there is complete diversity between the parties and Plaintiff is seeking over $75,000 in damages.

## II.    Procedural Requirements for Removal

3.    Upon filing this Notice of Removal, Nissan provided written notice of this removal to Plaintiff and the Hardin County District Court clerk as required by 28 U.S.C. § 1446(d).  Copies of all processes, pleadings, and orders are attached hereto pursuant to 28 U.S.C. § 1446(a).[4]

4.    This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) as it is filed on or before the expiration of 30 days from March 11, 2019, the date that Nissan first received Plaintiff's Original Petition.[5]

## III.    Venue

5.    This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV.    Parties

6.    Plaintiff is a resident of Texas.[6]

---

[2]   *Id*.
[3]   *See* **Ex. "B"**, State Court Citation for Nissan, attached hereto and referred to herein.
[4]   **Ex. "A"**, Pl.'s Original Pet.; **Ex. "B"**, State Court Citation for Nissan.
[5]   *See* **Ex. "B"**, State-Court Citation for Nissan.
[6]   **Ex. "A"**, I.

7.     Paramount Nissan of Texas, LLC d/b/a Nissan of Silsbee is a limited liability company whose sole member is Dean Bernal, a resident of Louisiana.[7]

## V.     Basis for Removal

8.     Federal courts may exercise diversity jurisdiction in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.[8]   Additionally, none of the properly joined and served defendants may be a citizen of the forum state.[9]   The removing defendant bears the burden to show that proper federal diversity jurisdiction exists to sustain removal.[10]

9.     The relevant jurisdictional facts are to be judged at the time of removal.[11]   Subsequent events, such as filing an amended complaint cannot deprive the court of jurisdiction once it has attached.[12]

## A.     There is complete diversity amongst the parties.

10.     In this case, there is complete diversity between the parties as the plaintiff, James, is a citizen of Texas, and the defendant, Nissan, is a citizen of Louisiana.[13] None of the defendants are citizens of Texas, the forum state.

---

[7]   *See* **Ex. "C,"** 2018 Texas Franchise Tax Public Information Report filed by Nissan.

[8]   28 U.S.C. § 1332(a)(1).

[9]   *Id*. at § 1441(b).

[10]   *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[11]   *Id*.

[12]   *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (reducing damages after removal not allowed).

[13]   *See* **Ex. "A"**, I (Plaintiff pleads that she is a resident of Texas); **Ex. "C,"** (Defendant is a resident of Louisiana)

**B.      The amount in controversy exceeds $75,000.**

11.      Under 28 U.S.C. § 1446(c)(2), when removal is based on diversity jurisdiction, the sum demanded in good faith in the initial state-court pleading is the amount in controversy.  Further, the United States Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens* that if a plaintiff's state-court complaint makes a good faith demand for a certain amount of monetary relief, that amount is deemed to be the amount in controversy.[14]

12.      Here, James expressly pleaded in her state-court petition that she is seeking to recover over $100,000 but not more than $200,000.[15]  Accordingly, the amount-in-controversy requirement has been satisfied.

## VI.   Unanimity of Consent for Removal

13.      When removal is based on diversity jurisdiction, generally all defendants who have been properly joined and served in the suit must join in the notice of removal or consent to the removal.[16]

14.      Here, Nissan is the only defendant.[17] Accordingly, the unanimity-of-consent requirement is satisfied.

## VII.   Conclusion

15.      Nissan has shown that complete diversity of the parties exists in this case and that the amount in controversy exceeds the $75,000 jurisdictional

---

[14]   *See* 135 S. Ct. 547, 551 (2014) (citing § 1446(c)(2) (internal quotation marks omitted)).

[15]   *See* **Ex. "A"**, IX.

[16]   28 U.S.C. § 1446(b)(2)(A).

[17]   *See generally* **Ex. "A"**.

threshold.  For these reasons, Nissan has demonstrated that the requirements for removal under 28 U.S.C. § 1441 have been satisfied.

## VIII. Prayer

Wherefore, premises considered, Defendant Paramount Nissan of Texas, LLC d/b/a Nissan of Silsbee prays that the state court action now pending in the 356th District Court of Hardin County, Texas, be removed to this Honorable Court.

Respectfully submitted,

BRENDAN P. DOHERTY
(Texas Bar No. 24075923)
ADAM L. ROBERTSON
(Texas Bar No. 24088941)
Email:        bdoherty@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas  77056
Telephone: (832) 255-6000
Facsimile:  (832) 255-6001
Attorneys for PARAMOUNT NISSAN
OF TEXAS, LLC. D/B/A NISSAN OF
SILSBEE

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing was served upon the following parties via electronic filing, facsimile, and/or U. S. Mail, this 28th day of March, 2019.

Taylor Thompson
PROVOST ★ UMPHREY LAW FIRM, LLP
490 Park Street
Beaumont, Texas 77701
Attorney for PLAINTIFF


_____
BRENDAN P. DOHERTY